PER CURIAM:
During the month of February 1991, claimant was traveling on Route 73, also known as Saltwell Road, in Marion County, West Virginia, when his vehicle struck a large crack in the road where the blacktop had split. Claimant’s vehicle, a 1977 Datsun, sustained damaged to a tire, a wheel, a shock, the steering wheel, and the bottom of the vehicle was pushed up against the door. The cost of repair to the vehicle was $703.10 and claimant sustained a back injury. The claim was submitted to the Court upon the issue of liability only.
*109 Respondent denies negligence as it alleges that it did not have notice of the defect in the road on the date of claimant’s accident.
Claimant testified that he lives in Shinnston, West Virginia, and he was to take as a trip to North Carolina. It was approximately 8:30 p.m. and it was dark. Claimant was driving 35 miles per hour when he came over a knoll in the road and his automobile passed over a groove or split in the blacktop. Claimant was aware that the surface of the roadway was in a wavy condition, but he was not aware that a slip had occurred.
William H. Wyckoff, respondent’s assistant county maintenance supervisor for Harrison County, testified that a slip had occurred at the site of claimant’s accident. He stated that there was water underneath the paved portion of the road which caused waviness and then the pavement broke. The area was stabilized with stone and penetrated with tar to smooth out the road. He stated that this worked temporarily, but that the road kept falling in. Permanent repairs required that Pile be driven and this was done in the spring 1991. He further stated that the road
was rough in this area and that there were no warning signs placed in the area prior to the actual crack appearing in the road. Signs were placed after claimant’s accident.
The issue before the Court is whether the respondent had prior notice of the potential for a slip to occur at the site of this accident and a reasonable amount of time to warn the traveling public. The facts indicate that the respondent did have prior notice of a defect in the road and that respondent failed to take the appropriate measures to warn the traveling public of the hazard. As the record establishes that the respondent had actual notice of the road defect, the Court finds that respondent was negligent is its maintenance of the road. It is the opinion of the Court that respondent had sufficient notice of the potential for a major slip to occur in the surface of the road and failed to take measures to protect the traveling public.
Accordingly, the Court is of the opinion to make an award to the claimant and directs the Clerk of the Court to set this claim for hearing upon the issue damages if the damages cannot be agreed to by the parties and submitted to the Court in a stipulation.